UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JORDAN DARRELL ZANTIZ                                CIVIL ACTION

VERSUS                                               NO. 12-1580

CAPT. RONNIE SEAL ET AL.                             SECTION "G" (2)

# REPORT AND RECOMMENDATION

Plaintiff, Jordan Darrell Zantiz, is a convicted prisoner currently incarcerated in the Rayburn Correctional Center in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Rayburn Correctional Center ("Rayburn") Warden Robert Tanner, Capt. Ronnie Seal, Lt. Rigdon, Sgt.-EMT Bruce Forbes, Capt. Mitchell, Sgt. Denise Tullos, Sgt. Heather Warner, Rhonda Destafano, Major Kennedy and Capt. Cleveland. Plaintiff asserts claims arising from an incident of alleged excessive force when he was beaten by two of the defendants while handcuffed on December 31, 2011; failure to protect him from that use of force; and inadequate medical care for the alleged resulting injuries. Plaintiff seeks $3 million in compensatory damages and injunctive relief. Record Doc. No. 1 (Complaint at ¶¶ IV and V.)

Plaintiff's motion for an injunction and restraining order, Record Doc. No. 23, is currently pending. Plaintiff filed a supplemental brief in support of his motion. Record Doc. No. 26. He seeks to be "protected for as long as he is housed at [Rayburn]" or transferred to another prison facility. Id. at pp. 3-4. A hearing was conducted by me on September 4, 2012. Plaintiff's testimony was received for all purposes contemplated by

Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny. Record Doc. No. 39. Having considered the record, including plaintiff's motion papers and his Spears testimony, I am issuing this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) for disposition of plaintiff's motion requesting injunctive relief.

## ANALYSIS

In summary, plaintiff's written submissions, as expanded upon by his Spears testimony, allege that "he fears for his life, safety and welfare" while he is incarcerated in Rayburn; that he has been verbally threatened and subjected to racial name-calling by defendants since the incident and the filing of this lawsuit; that he has been harassed, including by incidents of tampering with his mail, placing objects in his food, and spitting on him; and that "a majority of [Rayburn's] administration," including defendants, are members of the Ku Klux Klan who are directing these actions against him because he is African-American. Record Doc. Nos. 23 at pp. 2-3 and 26 at pp. 2-4. Plaintiff conceded during his September 4th Spears testimony, however, that he has not been beaten or attacked again since the single incident of use of force upon which this case is based.

According to Rule 65(b) of the Federal Rules of Civil Procedure, a party seeking a temporary restraining order and/or preliminary injunction must set forth "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . ." A temporary restraining order and

preliminary injunction are <u>extraordinary</u> equitable remedies that may be granted <u>only</u> if plaintiff clearly carries his burden of establishing four essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause defendants; <u>and</u> (4) the injunction will not disserve the public interest. <u>Southern Co. v. Dauben Inc.,</u> 324 Fed. Appx. 309, 2009 WL 1011183, *4 (5th Cir. 2009) (citing <u>Sugar Busters LLC v. Brennan</u>, 177 F.3d 258, 265 (5th Cir. 1999). Part of the requisite showing is "a <u>substantial</u> threat of <u>irreparable</u> injury if the injunction is not issued." <u>DSC Commc'ns Corp. v. OGI Techs., Inc.</u>, 81 F.3d 597, 600 (5th Cir. 1996) (emphasis added).

Applying the foregoing legal standards to the facts plaintiff alleges, plaintiff's written submissions, <u>Spears</u> testimony and the record establish that he is <u>not</u> entitled to a temporary restraining order or preliminary injunction at this time.

First, it cannot be concluded that plaintiff's complaint presents "a substantial likelihood of success on the merits." <u>DSC Commc'ns Corp.</u>, 81 F.3d at 600. At trial, plaintiff's claims will depend to a large degree upon the jury's assessment of his credibility as opposed to the credibility of defendants. In addition, he faces daunting burdens of proof as to all of his Section 1983 claims, including the necessity of proving that defendants' use of force against him was employed "'maliciously and sadistically to cause harm'" rather than "'in a good faith effort to maintain or restore discipline,'"

Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)); and that their failure to protect him from harm and to provide adequate medical care were done with deliberate indifference, which the Supreme Court has described as "a stringent standard of fault," Southard v. Texas Bd. of Crim. Justice, 114 F.3d 539, 551 (5th Cir. 1997) (quoting Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 117 S. Ct. 1382, 1391 (1997)), requiring a showing of "'subjective recklessness,' as used in the criminal law." Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997) (citing Cay v. Estelle, 789 F.2d 318, 326-27 (5th Cir. 1986), overruled on other grounds by Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 1728 (1992)). Finally, the potent affirmative defense of qualified immunity is available to all defendants.

Plaintiff's allegations must be accepted as true for the initial screening process required for such cases. 28 U.S.C. § 1915A; Martin v. Scott, 156 F.3d 578 (5th Cir. 1998). I have applied this standard in finding that plaintiff's case cannot be dismissed at this time and that further proceedings are required. However, no such requirement applies to plaintiff's request for injunctive relief. Under these circumstances, I cannot conclude that plaintiff has a substantial likelihood of success on the merits for purposes of the entry of preliminary injunctive relief.

Second, Zantiz has not established that he faces a substantial threat of serious injury that would be irreparable. In general, injury or other harm is not irreparable for Rule 65 purposes if an adequate alternate remedy in the form of money damages is available. 11A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure: Civil 2d § 2948 at pp. 149-50 and cases cited at n. 4 (West 1995). "Speculative injury is not sufficient," and only "a strong threat of irreparable injury before trial" will serve as an adequate basis for preliminary injunctive relief. Id. at pp. 153-56 (emphasis added). However, "[w]hen an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." Id. at p. 161.

Zantiz states that he has been subjected to verbal threats, racial name-calling and harassment, but with no repeat of the beating upon which he bases his claims. None of his particular allegations in this regard rise to the level of a constitutional violation. Allegations of verbal threats or other derogatory remarks, even racial slurs, do not constitute actionable constitutional violations. Robertson v. Plano City, 70 F.3d 21, 24 (5th Cir. 1995). The Robertson court noted that "in the Eighth Amendment context, 'mere threatening language or gestures of a custodial officer do not, even if true, amount to constitutional violations.'" Id. (citation omitted); accord Watson v. Winborn, No. 02-10984, 67 Fed. Appx. 241, 241 (5th Cir. 2003); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Vessell v. Gusman, No. 06-2294, 2006 WL 2067723, at *2 (E.D. La. July 19, 2006) (McNamara, J.) (citing Calhoun, 312 F.3d at 734; Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir.

1993)). The use of a racial epithet does not give rise to a cause of action for violation of constitutional rights. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir.), reh'g denied & opin. clarified, 186 F.3d 633 (5th Cir. 1999); see generally Shabazz v. Cole, 69 F. Supp. 2d 177, 199-201 (D. Mass. 1999) (collecting cases). "Verbal harassment and abusive language, while unprofessional and inexcusable, are simply not sufficient to state a constitutional claim . . . ." Slagel v. Shell Oil Refinery, 811 F. Supp. 378, 382 (C.D. Ill. 1993), aff'd, 23 F.3d 410 (7th Cir. 1994).

In addition, occasional incidents of foreign objects in food are not unconstitutional. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (food that occasionally contained foreign objects and did not make plaintiff ill did not violate the Constitution); Hawkins v. Marin County Jail Comm'r, No. C 01-3288 SI (PR), 2002 WL 73227, at *2 (N.D. Cal. Jan. 15, 2002) (Illston, J.) (small fragments of steel in prison food on three occasions did not violate constitutional rights); Lovern v. Cox, 374 F. Supp. 32, 35 (W.D. Va. 1974) (Dalton, J.) (dog's hair in prison food, absent a showing of resulting illness, does not violate the Constitution).

The particular incidents upon which plaintiff bases his request for preliminary relief neither constitute constitutional violations nor present a strong, non-speculative threat of serious pre-trial injury that could not adequately be compensated by monetary damages. The second factor also weighs against granting plaintiff's motion.

Finally, the third and fourth factors – (a) balancing of the threatened injury against any damage it might cause to defendants and (b) the public interest – are related in this

instance. The preliminary injunctive relief plaintiff seeks in this motion includes court-ordered protective status within Rayburn or transfer to another facility. I find that defendants' interests and the damage they may suffer by entry of either sort of court order would involve this court's unwarranted interference with the administration of prison functions, including the maintenance of security and jailhouse discipline, in a way that would disserve the public interest. Courts must accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration, including especially the "essential goals" of "maintaining institutional security and preserving internal order and discipline," in the absence of a constitutional violation. Bell v. Wolfish, 441 U.S. 520, 546-48 (1979); Smith v. Bingham, 914 F.2d 740, 742 (5th Cir. 1990). Similarly, when a state statute vests state officials with broad discretionary authority concerning the placement of prisoners in a particular status or facility and in the transfer of prisoners from one prison to another, the Constitution affords the prisoners no constitutionally protected interests that might outweigh defendants' or the public interests in prison administration. See Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983)(Hawaii prison regulations vesting prison administrators with broad discretion concerning inmate placement and transfers create no liberty interest protected under the Due Process Clause); Merit v. Lynn, 848 F. Supp. 1266, 1267-68 (W.D. La. 1994) (Louisiana parole statute is broadly discretionary and creates no constitutionally protected liberty interest).

Under these circumstances, Zantiz has not established the four factors necessary to obtain a restraining order or other preliminary injunctive relief before trial. On balance, all four factors weigh in favor of denying his motion.

**RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** plaintiff's motion for injunctive relief, Record Doc. No. 23, be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this __14th__ day of September, 2012.

                                     JOSEPH C. WILKINSON, JR.
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.