UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JORDAN DARRELL ZANTIZ**                                   **CIVIL ACTION**

**VERSUS**                                                   **NO. 12-1580**

**RONNIE SEAL, et al.**                                      **SECTION: "G"(2)**

## ORDER AND REASONS

Before the Court is Plaintiff Jordan Darrell Zantiz's ("Zantiz") Motion for Injunction and for Restraining Order[1] and his Objections to Magistrate's Report and Recommendations,[2] which recommended denial of Zantiz's request for injunctive relief.[3] For the reasons that follow, the magistrate judge's recommendation is affirmed.

## I. Background

Zantiz is a convicted prisoner currently incarcerated in Rayburn Correctional Center ("Rayburn") in Angie, Louisiana.[4] On July 2, 2012, Zantiz filed the complaint in this matter, asserting claims pursuant to 42 U.S.C. § 1983 against Rayburn and several of its employees. Zantiz seeks relief from an alleged incident where he was beaten while handcuffed. Zantiz claims that the facility and its employees failed to protect him from the use of force and that he was provided with inadequate medical care for his injuries. He seeks $3,000,000 and injunctive relief.[5]

---

[1] Rec. Doc. 23

[2] Rec. Doc. 34.

[3] Report and Recommendation, Rec. Doc. 31.

[4] *Id.* at p. 1.

[5] Rec. Doc. 1.

Zantiz has filed a separate motion for an injunction and restraining order.[6] Zantiz also filed a supplemental brief in support of his motion.[7] Zantiz asks that he either be "protected for as long as he is housed at [Rayburn]" or transferred to another facility.[8] On September 4, 2012, a hearing was held before the magistrate judge where Zantiz's testimony was received.[9]

In summation, Zantiz claims that he "fears for his life, safety and welfare" while incarcerated at Rayburn, because he alleges that he has been subjected to racial name-calling, harassment, tampering of his food and mail, and that much of the administration of Rayburn, including the defendants, are members of the Ku Klux Klan and discriminate against Zantiz because he is African American.[10] However, when Zantiz provided testimony at the hearing before the magistrate judge, he stated that he had not been beaten or attacked since the single incident of alleged force of which this case is based upon.[11]

After the hearing and considering Zantiz's written briefs, the magistrate judge consulted Federal Rule of Civil Procedure 65(b) to determine if a preliminary injunction was appropriate. The magistrate judge acknowledged that the relief requested by Zantiz was extraordinary, and could only be granted if Zantiz could clearly carry the burden to establish (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is denied;

---

[6] Rec. Doc. 23.

[7] Rec. Doc. 26.

[8] *Id.* at pp. 3-4.

[9] Rec. Doc. 31 at p. 2.

[10] *Id.*

[11] *Id.*

2

(3) the threatened injury outweighs any damage that the injunction might cause defendants; and (4) the injunction will not disserve the public interest.[12]

Considering the first factor, the magistrate judge found that Zantiz could not carry his burden because at trial his claims would depend on the jury's assessment of his credibility against that of the defendants. The magistrate judge also referenced the heavy burden of proof Zantiz would need to satisfy to prevail on his claims.[13] The magistrate judge acknowledged that pursuant to 28 U.S.C. § 1915A, Zantiz's allegations must be accepted as true in the initial screening process, and so therefore could not be dismissed, but recognized that this presumption did not apply to Zantiz's request for injunctive relief.[14]

In consideration of the second factor, and citing authority, the magistrate judge found that Zantiz's claims of verbal threats, racial name-calling, harassment, and occasional foreign objects in his food, but with no repeat beatings, did not constitute irreparable harm.[15] Therefore, the magistrate judge found that because "[t]he particular incidents upon which [Zantiz] bases his request for preliminary relief neither constitute constitutional violations nor present a strong, non-speculative threat of serious pre-trial injury that could not adequately be compensated by monetary damages" that the second factor also weighed against granting Zantiz's motion for injunctive relief.[16]

The magistrate judge analyzed the third and fourth factors together, and concluded that "defendants' interests and the damage they may suffer by entry of either sort of court order would

---

[12] *Id.* at p. 3 (citing *Southern Co. V. Dauben Inc.*, 324 Fed. App'x. 309, 2009 WL 1011183,* 4 (5th Cir. 2009)).

[13] *Id.* at pp. 3-4.

[14] *Id.* at p. 4.

[15] *Id.* at pp. 4-6.

[16] *Id.* at p, 6,

involve this court's unwarranted interference with the administration of prison functions, including the maintenance of security and jailhouse discipline, in a way that would disserve the public interest."[17] The magistrate judge also acknowledged that courts must afford great deference to prison officials' administrative decisions to preserve order and security in the absence of constitutional violations.[18] Therefore, the magistrate judge found that Zantiz had not established the four factors necessary for the Court to issue a preliminary injunction, and recommended that the motion be denied.[19] Zantiz timely filed objections.[20]

## II. Objections

In the opening to his objections, Zantiz explains that he plead his case before the magistrate judge at the hearing of how he had been threatened, "roughed up a few times," his food had been tampered with, and the defendants had spit on his face; Zantiz asks "If that's not showing my life is in danger and threat of irreparable injury, then what is?"[21]

Zantiz then proceeds to recount several alleged events:

(1) He first claims that on August 1, 2012, two officers spit in his face "out of spite and racism," and that one of those involved is a "known member of the Ku Klux Klan."[22]

---

[17] *Id.* at p. 7.

[18] *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 546-48 (1979); *Smith v. Bingham*, 914 F.2d 740, 742 (5 th Cir. 1990)).

[19] *Id.* at p. 8.

[20] Rec. Doc. 34.

[21] *Id.* at p. 1.

[22] *Id.* at p. 3.

4

(2) Zantiz claims that on August 6, 2012 he was sexually and physically assaulted by an employee of Rayburn.

(3) Zantiz claims that on August 8, 2012, a defendant made several comments to Zantiz that "the Klans [sic] here in Washington Parish has been beating [n-words] up here at [Rayburn] for years and haven't been caught yet."[23]

(4) Zantiz claims that on August 27 and 28, a defendant came by with another officer and gave Zantiz "the cut throat sign laughing and taunting [him]."[24]

(5) Zantiz claims that on August 30, 2012, two officers interrogated him about the August 1, 2012 incident where officers allegedly spit on Zantiz's face. Zantiz claims that the officer was "only trying to get some information to help cover the incident up and make it appear as though the officers committed no crime. However, the saliva samples will show otherwise, which [the officer] is trying to get from me to destroy."[25]

(6) Zantiz claims that on September 4, 2012, immediately after his telephone conference with the magistrate judge, several officers approached Zantiz, threatened him with racial epithets, threw him against the wall, choked him, and punched him.[26]

(7) Zantiz claims that on September 6, 2012, while conducting rounds, a defendant spoke to Zantiz and said, "I heard you got another ass whipping the other day. You'll learn sooner or later that you can't beat us."[27]

---

[23] *Id.* at p. 3.

[24] *Id.*

[25] *Id.*

[26] *Id.* at p. 4.

[27] *Id.*

(8) Zantiz claims that on September 7, 8 and 9, several officers taunted him and made racial comments to him.[28]

(9) Zantiz claims that on September 11, 2012, a defendant did the same as the officers from September 7, 8 and 9, and also made a "cut throat sign."[29]

Zantiz argues that all of these actions were "egregiously devised by these officers here at [Rayburn] to punish me and deter me from continuing my complaint against therm regarding their extreme racism towards people of color ... and their willful and deliberate acts to assault, abuse and punish me with no remorse of concern for my rights or welfare."[30]

### III. Standard of Review

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[31] Magistrate judges may not decide motions for injunctive relief, but a district judge may designate a magistrate judge to conduct an evidentiary hearing and propose findings of fact and recommendations for motions seeking injunctive relief.[32] "[T]he district judge must determine *de novo* any part of the [report and recommendation] that has been properly objected

---

[28] *Id.* at p. 5.

[29] *Id.*

[30] *Id.*

[31] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[32] 28 U.S.C. § 636(b)(1)(A)-(B).

to."[33] However, within the Fifth Circuit, a district court's review is limited to plain error on parts of the report which are not properly objected to.[34]

## IV. Law and Analysis

As outlined earlier, in order to be entitled to a preliminary injunction, a plaintiff must carry the burden to establish (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.[35] However, "[a] preliminary injunction may not issue unless the movant carries the burden of persuasion as to all four prerequisites."[36]

Here, Zantiz's objections only relate to the second prong of the analysis, concerning whether he faces a substantial threat that he will suffer irreparable injury if the injunction if not granted. Therefore, the Court will now conduct a *de novo* review to this objected portion of the magistrate judge's report and recommendation. To satisfy this factor, Zantiz must establish that if the district court denied the grant of a preliminary injunction, irreparable harm would result. "In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages."[37]

---

[33] Fed R. Civ. P. 72(b)(3).

[34] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. 636(b)(1) (extending time to file objections from ten to fourteen days).

[35] *See Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 571 (5 th Cir. 1974).

[36] *S. Monorail Co. v. Robbins & Myers, Inc.*, 666 F.2d 185, 186 (5th Cir. Unit B Jan. 1982).

[37] *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011).

7

The magistrate judge found that Zantiz did not articulate a substantial threat that he would suffer a irreparable injury because verbal threats, name calling, racial epithets, and foreign objects in his food did not constitute constitutional violations or other irreparable harm.[38] However, Zantiz has not plead these alleged incidents as evidence of irreparable harm itself, but rather as evidence to support his claim that the officers are abusive and that he "fears for his life."[39] It cannot be doubted that the loss of Zantiz's life could not later be remedied by an award of money. Therefore, Zantiz has alleged a potential irreparable harm.

However, that does not end the analysis of this factor. Zantiz must also carry the burden to demonstrate that there is a substantial threat that he will suffer this irreparable harm. "The party seeking a preliminary injunction must also show that the threatened harm is more than mere speculation."[40] Here, Zantiz has not put forward any concrete evidence other than his allegations.[41] Moreover, Zantiz alleges incidents that occurred after the hearing before the magistrate judge, and therefore were not considered or addressed in the report and recommendation. However, these allegations are similarly unsubstantiated by any evidence at this time. Therefore, this Court finds that Zantiz has not met his burden to show a substantial likelihood that he will suffer an irreparable harm in the absence of injunctive relief.

While Zantiz's failure to prove irreparable harm is alone fatal to his request for injunctive relief, the Court will briefly address the other elements. Zantiz did not object to the magistrate

---

[38] Rec. Doc. 31 at pp. 5-6.

[39] Rec. Doc. 23 at p. 1.

[40] *Janvey*, 647 F.3d at 600.

[41] The Court notes that Zantiz claims he has sent saliva samples from the alleged incident where officers spit in his face to the Department of Justice, but has provided the Court with no documentation on this whatsoever. Rec. Doc. 26 at p. 2.

judge's findings on the remaining elements, so this Court will review them for plain error. On likelihood of success on the merits, the magistrate judge correctly stated that at trial Zantiz's claims would depend largely on his credibility in contrast to the defendants; in addition, Zantiz's claims require he overcome a heavy burden of proof. It is not refuted that Zantiz is a convicted felon, and therefore it was quite reasonable for the magistrate judge to infer that a jury might not find his unsubstantiated testimony credible. Therefore, this Court finds that the magistrate judge did not commit plain error in determining that Zantiz had not demonstrated a substantial likelihood of success on the merits.

Additionally, the magistrate judge's findings regarding the third and fourth factors – balancing the threatened irreparable harm against the damage to the defendants and whether issuance would disserve the public – were reasonable. The relief requested by Zantiz would require this Court to interfere in state administrative functions. Correctional facilities are inherently dangerous places, and this Court does not wish to dictate to those facilities how best to maintain security and order absent a clear showing that such intervention in necessary and warranted by law. To issue an injunction against this facility would limit those best equipped to make decisions about the proper procedures to maintain safety, and would therefore disserve the public interest in maintaining the safety of the prisoners and officers at the facility, some of whom are defendants in this action. Therefore, this Court finds that Zantiz has not established the factors necessary to obtain a preliminary injunction.

## IV. Conclusion

For the reasons stated above,

9

**IT IS HEREBY ORDERED** that Zantiz's Motion for Injunction and for Restraining Order[42] and Objections to Magistrate's Report and Recommendations[43] are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 29th day of January, 2013.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[42] Rec. Doc. 23.

[43] Rec. Doc. 34.