UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORDAN DARRELL ZANTIZ | CIVIL ACTION |
| VERSUS | NO. 12-1580 |
| CAPT. RONNIE SEAL ET AL. | SECTION "G" (2) |

**ORDER AND REASONS ON MOTION**

This is an action for damages brought under Section 1983 by a prisoner proceeding pro se, who has asserted excessive force, failure to protect, medical care and state law claims, including allegations that the actions against plaintiff were racially motivated. Defendants are correctional officers and health care providers at the institution where the alleged acts occurred. All defendants have asserted qualified immunity as a defense. Record Doc. No. 36. To date, however, only two defendants have filed a motion seeking dismissal of the complaint against them on that basis. Record Doc. No. 62.

Plaintiff's "Refiled Motion for an Order Compelling Discovery," Record Doc. No. 70, is currently pending before me. The subject discovery requests consist of two separate documents: (1) "Petitioner's Discovery," Record Doc. No. 70 at pp. 24-30, a lengthy list of mostly unnumbered types of information, some of which appear to constitute Rule 34 requests for production, while others are in the nature of Rule 33 interrogatories seeking listings or descriptions of persons, things or events; (2) "Petitioner's Request for Production of Documents," Record Doc. No. 70 at pp. 32-

34. Defendants filed an opposition memorandum, Record Doc. No. 72, arguing principally that their assertion of the qualified immunity defense should proscribe this discovery at this time.  Having considered the written submissions of the parties, the record and the applicable law, **IT IS ORDERED** that plaintiff's motion is DISMISSED AS MOOT IN PART, GRANTED IN PART, DENIED IN PART and DEFERRED IN PART as provided herein.

As to defendants' assertion of the defense of qualified immunity as a bar to plaintiff's discovery requests,

> [t]he doctrine of qualified immunity offers a shield against civil liability for government employees "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." . . . . "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken."

Wernecke v. Garcia, 591 F.3d 386, 392-93 (5th Cir. 2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Pearson v. Callahan, 555 U.S. 223, 231 (2009)).

The Fifth Circuit has emphasized that

> "[q]ualified immunity is an immunity from suit rather than a mere defense to liability." Pearson v. Callahan, 555 U.S. 223, 237 (2009) (internal quotation marks omitted). . . . [I]mmunity is "effectively lost if a case is erroneously permitted to go to trial" . . . . Mitchell v. Forsyth, 472 U.S. 511, 526-27 . . . (1985).  This court has applied Mitchell to trial court discovery orders that, through overbreadth, effectively deprive public officials of an immunity from suit.  Wicks v. Miss. State Emp't Servs., 41 F.3d 991, 994-95 (5th Cir. 1995)[.]

> One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive, Helton v. Clements, 787 F.2d 1016, 1017 (5th Cir. 1986). Consequently, this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense. As we explained in Wicks, supra, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 . . . (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face"– excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth"). Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. After the district court finds a plaintiff has so pled, if the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover only those facts needed to rule on the immunity claim." Lion Boulos[ v. Wilson, 834 F.2d 504, 507-08 (5th Cir. 1987)].

Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012).

The court has already determined that the factual allegations of plaintiff's complaint, as amended by his Spears testimony and other written submissions, are sufficient to overcome dismissal as a screening matter under 28 U.S.C. § 1915A and to state a violation of his constitutional rights, if his factual allegations are accepted as true. Record Doc. No. 30. Thus, it appears that the qualified immunity defense will focus on the objective reasonableness of defendants' actions and that additional factual development will be necessary for plaintiff adequately to respond to any as-yet unfiled motion for dismissal or summary judgment on the immunity defense that most of the

defendants assert that they contemplate filing, but which they have not yet done. Therefore, the court upholds defendants' objections to the discovery requests on the basis of qualified immunity to some extent, but will also allow plaintiff to pursue narrower discovery that may uncover the facts needed to address defendants' qualified immunity claim, as long as those requests do not exceed the scope of discovery as established in both Fed. R. Civ. P. 26(b)(1) [i.e., that which is relevant to the parties' claims and defenses, but not insofar as the discovery extends to "subject matter," since no showing of "good cause' has been made], and Fed. R. Civ. P. 26(b)(2) [proscribing discovery that is unreasonably cumulative or duplicative; available from some more convenient, less burdensome or expensive source; obtainable in other discovery; or the burden or expense of which outweighs its likely benefit to the case].

Applying the foregoing standards, the motion is dismissed as moot as to plaintiff's request for "petitioner's entire medical record" and the surveillance video of the dining hall on the date of the subject incidents of excessive force and failure to protect. Record Doc. No. 70 at p. 25, "Petitioner's Discovery," and Request for Production No. 9. The medical records have already been produced and the surveillance video has been made available for inspection by plaintiff.

The motion is denied as to all other requests for other kinds of surveillance video. Record Doc. No. 70, Requests for Production Nos. 8, 9, 10 and 13 and "Petitioner's Discovery" at pp. 25 and 28. Defendants' written response to the motion, signed pursuant

to Fed. R. Civ. P. 11 and 26(g), clearly states that "there is no video of any other part of the alleged series of events once the plaintiff and Lt. Seal left the dining hall." Record Doc. No. 72 at p. 3. This response is sufficient.

The motion is granted in part insofar as it requests various employee conduct and training manuals and written policy statements, but only insofar as they relate to use of force against inmates, protection of inmates, their medical care and racial discrimination. These are the matters directly relevant to plaintiff's claims and the qualified immunity defense, and only those kinds of materials must be produced.

Plaintiff's motion is also granted in part and denied in part insofar as it seeks various grievances and administrative remedies procedure ("ARP") materials. At this time, defendants will be required to produce only the ARP documents that relate to any grievance <u>asserted by plaintiff</u> concerning the particular use of force, failure to protect, medical care and racial discrimination that are the basis of plaintiff's claims in this case. In all other respects, the motion is denied as to ARP materials.

In both his Request for Production No. 15 and at pp. 1, 3-4 of "Petitioner's Discovery," plaintiff seeks the entire employment files, including "performance appraisal" records, of all ten (10) named defendants and numerous other correctional officers who are not parties to this lawsuit. The motion is denied insofar as it requests the employment records of the <u>non</u>-parties, none of whom are alleged to have had any personal involvement in the acts against plaintiff which are the basis of his claims. The

employment files of the non-parties are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiff's request for production of this vast array of materials related to non-parties must be prohibited under Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii).

As to the employment records of the ten (10) named defendants, determination of the motion is deferred. Discovery of the personnel files of all persons, especially law enforcement officers,[1] presents special concerns about the privacy rights of the individuals involved. Certainly, any employment personnel files can be expected to contain much information that is personal and private, including medical records and personal data identifiers of the type contemplated by Fed. R. Civ. P. 5.2(a), and that is irrelevant to a particular lawsuit. This does not mean that a party is never entitled to discover relevant portions of the personnel files of an opponent's employees or that everything contained

---

[1] Louisiana's Public Records Law defines law enforcement personnel records as public records, which are available for public inspection, unless specifically excepted by law. La. Rev. Stat. §§ 44:1, 44:3; Cormier v. Foti, No. 07-1383, 2008 WL 4758660, at *1-2 (W.D. La. Oct. 28, 2008) (Methvin, M.J.) (citing Nix v. Daniel, 669 So. 2d 573, 575 (La. App. 1st Cir. 1996)). For example, the Louisiana Public Records Law exempts from disclosure records that pertain to pending or reasonably anticipated criminal litigation, until such litigation has been finally adjudicated or settled; records that contain or would tend to reveal the identity of a confidential source; records containing security procedures or information about investigative training, technical equipment or instructions; and records that contain or would tend to reveal the identity of an undercover police officer. La. Rev. Stat. § 44:3(A). The unlisted home telephone number of the public employee; the home telephone number of the public employee when the employee has requested that the number be kept confidential; and the home address of the employee when the employee has requested that the address be kept confidential, as well as social security numbers and financial institution direct deposit information, are confidential personnel records. Id. § 44:11(A), (C). In addition, "all medical records, claim forms, insurance applications, requests for the payment of benefits, and all other health records of public employees, public officials, and their dependents in the personnel records of any public body shall be confidential." Id. § 44:11(D).

in them is irrelevant. The court must balance the interests of the parties in obtaining relevant discovery against the privacy interests of individual employees. Thus, "a district court has discretion to determine whether discovery of such files is warranted." Davis v. Precoat Metals, No. 01 C 5689, 2002 WL 1759828 (N.D. Ill. July 29, 2002) (citing Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994); Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999); Atkinson v. Denton Publ'g Co., 84 F.3d 144, 148 (5th Cir. 1996)). As in Atkinson, before production of such documents might be ordered, it appears that an in camera inspection of the documents would be appropriate to determine both their relevance and their need for confidentiality, if any. Id.

Similarly, at p. 2 of "Petitioner's Discovery," Record Doc. No. 70 at p. 25, plaintiff seeks all investigative or incident reports, witness statements and "evidence collected" in the investigation of the December 31, 2011 incident that is the basis of this lawsuit. Although clearly relevant, I cannot determine on the current record whether some or all of this material might be precluded from discovery because it is privileged or because it exceeds what should be permitted at this time in light of defendants' assertion of the qualified immunity defense.

As a general matter,

> [f]ederal common law recognizes a qualified privilege protecting investigative files in an ongoing criminal investigation or information which would reveal the identity of confidential informants . . . . Louisiana law creates a similar privilege. To determine whether this qualified privilege bars discovery of given documents, the trial court should consider

7

>the ten factors articulated in Frankenhauser v. [Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973),] in balancing the government's interest in confidentiality against the litigant's need for the documents.

Coughlin v. Lee, 946 F.2d 1152, 1159-60 (5th Cir. 1991) (citing La. Rev. Stat. Ann. §§ 44:1, 44:3) (emphasis added).  Thus, the Fifth Circuit "has acknowledged the existence of a law enforcement privilege" in documents generated by law enforcement agencies. In re U.S. Dep't of Homeland Sec., 459 F.3d 565, 569 (5th Cir. 2006). However, the federal courts "overwhelmingly treat" this privilege as a qualified one, which is subject to a balancing process that may lead to court-ordered disclosure of privileged materials. 26A Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5692 at pp. 243-44, 274 (West 1992); accord Dellwood Farms v. Cargill, Inc., 128 F.3d 1122, 1125 (7th Cir. 1997); Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984).

When dealing with discovery requests for documents that may be covered by this privilege, the Fifth Circuit has instructed that

>the district court should review the documents at issue in camera to evaluate whether the law enforcement privilege applies to the documents at issue.  In making its determinations, the court must balance "the government's interest in confidentiality against the litigant's need for the documents."  The court, therefore, should consider the Frankenhauser factors.

In re U.S. Dep't of Homeland Sec., 459 F.3d at 570 (quoting Coughlin v. Lee, 946 F.2d 1152, 1160 (5th Cir. 1991)) (citing Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973)) (additional citations omitted).

> The oft-cited Frankenhauser test consists of weighing the following ten factors: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; [and] (10) the importance of the information sought to the plaintiff's case.

Id. 570-71.

Special caution should be exercised in recognizing a privilege in a civil rights case because "application of the federal law of privilege, rather than state law, in civil rights actions is designed to ensure that state and county officials may not exempt themselves from the very laws which guard against their unconstitutional conduct by claiming that state law requires all evidence of their alleged wrongdoing to remain confidential." Torres v. Kuzniasz, 936 F. Supp. 1201, 1213 (D.N.J. 1996); accord Hinsdale, 961 F. Supp. at 1495. Enforcing a privilege protecting law enforcement records from disclosure requires a finding "that specific harms are likely to result from disclosure." Morrissey

v. City of N.Y., 171 F.R.D. 85, 92 (S.D.N.Y. 1997) (emphasis added); accord Cormier, 2008 WL 4758660, at *3.

I cannot determine on the current record the scope of plaintiff's permissible discovery of either the personnel records of the ten (10) defendants or the investigative materials concerning the subject prison incident in this case, in which I must balance the various interests in this matter outlined above. Accordingly, I will order defendants to produce for my in camera review only these responsive personnel files and investigative records.

Accordingly, **IT IS ORDERED** that defendants must provide the employment personnel files of the ten (10) named defendants and the requested investigative materials concerning the subject December 31, 2011, incident to me only for in camera review no later than **July 8, 2013**. After receiving defendants' response to this order and completing the in camera review, I will rule on the deferred portion of the motion without further briefing or oral argument.

In all other respects, to whatever extent plaintiff's myriad discovery requests seek information or the production of materials beyond the scope of what is required above, plaintiff's motion is denied. All information and materials beyond that ordered produced above is either irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, prohibited under Rule 26(b)(2)(C)(i) and (iii), or beyond that which should be permitted at this time in light of defendants' qualified immunity defense.

The motion is denied insofar as it seeks an award of attorney's fees and costs. The motion has been denied in substantial part. Under these circumstances, I find that a reasonable apportionment of fees (although none have been incurred in this pro se case) and costs, if any, in connection with the motion is that each side should bear its own. Fed. R. Civ. P. 37(a)(5)(C).

New Orleans, Louisiana, this ____5th____ day of June, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE