UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JORDAN DARRELL ZANTIZ                                   CIVIL ACTION

VERSUS                                                  NO. 12-1580

CAPT. RONNIE SEAL ET AL.                                SECTION "G" (2)

## REPORT AND RECOMMENDATION

At the time of filing this complaint about three years ago, plaintiff Jordan Darrell Zantiz was a convicted prisoner incarcerated in the Rayburn Correctional Center ("Rayburn") in Angie, Louisiana.  He filed this lawsuit pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against various individually named correctional officers at Rayburn.  He asserts claims of unconstitutionally excessive force, failure to protect him from that use of force, inadequate medical care for the alleged resulting injuries and racial discrimination.  Plaintiff seeks $3 million in compensatory damages and injunctive relief.  Record Doc. No. 1 (Complaint at ¶¶ IV and V.)

The record reflects that sometime in late 2013,[1] plaintiff was released from incarceration.  Mail sent to plaintiff at Rayburn by the court was returned with a notation indicating that plaintiff was no longer at the jail.  Record Doc. Nos. 119, 123-24, 129-30, 133-34.  This court's record further indicates that in January 2014, Zantiz telephoned the

---

[1]The order entered by the presiding district judge on January 23, 2014, states that plaintiff was "released from prison on October 25, 2013 . . . ."  Record Doc. No. 137 at p. 2.

court to inquire about the status of his case and participate in a scheduling conference.[2] Record Doc. Nos. 137 and 138.  However, plaintiff failed to provide any corrective or current address, telephone number or other contact information.  Thereafter, all mail sent to him by the court again was returned as undeliverable.  Record Doc. Nos. 139-40, 143, 148.

On March 18, 2015, after the Fifth Circuit's mandate was issued following defendants' interlocutory appeal, Record Doc. No. 152, an order was entered setting a status conference before me on April 9, 2015, to discuss the status of a discovery matter requiring plaintiff's input that had been remanded by the Fifth Circuit and to schedule the case for trial.  Plaintiff and counsel for defendants were ordered to appear in person for the conference. Plaintiff's copy of this order was returned to the court as undeliverable.  Record Doc. Nos. 151, 154.  At the time of the conference on April 9, 2015, Louisiana Assistant Attorneys General Phyllis Glazer and Michael Keller, representing defendants, appeared in person as ordered.  Pro se plaintiff Jordan Zantiz failed to appear.

In an effort to provide plaintiff with another opportunity to move his case forward, my staff and defense counsel made independent efforts to locate him.  Rayburn officials were contacted, and from that facility's records they provided the court and defense

---

[2]The order entered by the presiding district judge on January 23, 2014, states that plaintiff "participated in a scheduling conference on January 23, 2014, . . ."  Record Doc. No. 137 at p. 2.

counsel with the only forwarding address provided by Zantiz upon his release.  In addition, defense counsel advised the court during the April 9th status conference that more than one year ago Zantiz had provided her, at her request, with what he said was a then-current mailing address, but defense counsel's attempts to contact plaintiff by mail at that address had resulted in all mail sent there being returned as undeliverable.  Both the last known forwarding address provided from Rayburn records and the address provided to defense counsel long ago were in Orlando, Florida.

By order issued April 9, 2015, Record Doc. No. 155, plaintiff was instructed that he must:

(1) in accordance with the Fifth Circuit's mandate, if he seeks to obtain discovery from the remaining defendants, file a new motion to compel, supported by a memorandum addressing and establishing, under the two step procedure described in Zapata v. Mellon, 750 F.3d 481,485 (5th Cir. 2014), how his allegations against Seal, Rigdon, Warner and Tullos overcome their qualified immunity defense, and as to those defendants plus Forbes, what particular discovery is needed as to particularly identified facts to resolve the question of defendants' immunity defense;

(2) immediately provide the court with current and reliable contact information, including a mailing address and telephone number; and

(3) appear before me in person on June 3, 2015, to show cause why his case should not be dismissed with prejudice for failure to prosecute.  Plaintiff was further instructed

that failure again to appear as ordered and his continuing violation of Local Rules 11.1 and 41.3.1 would result in issuance of a report and recommendation that his case be dismissed for failure to prosecute.

The record indicates that, as directed by the court's April 9, 2015 order, Record Doc. No. 155, the Clerk mailed this order to plaintiff at his original address at the jail <u>and</u> at the two Orlando, Florida, addresses provided to the court from the Rayburn records and to defense counsel.  This order has been returned to the court from these addresses, and no response from plaintiff has been received.  Record Doc. Nos. 156, 157.  Plaintiff has made no attempt to contact the court or defense counsel in any way since his telephone call more than 18 months ago.

At the time of the June 3, 2015, show cause hearing, Zantiz again failed to appear as ordered. Louisiana Assistant Attorney General Phyllis Glazer, representing defendants, appeared in person as ordered.  She reported that she had received no response to defendants' interrogatories to plaintiff served on April 14, 2015, which had been returned to her as undeliverable.  Record Doc. No. 158.

Despite his release from incarceration and in violation of the foregoing requirements, Zantiz has failed to provide the court with his current – or any alternative – whereabouts, other than the prison address he gave when this suit was originally filed. The Section 1983 complaint form used by Zantiz to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my

- 4 -

responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1 at p. 14, ¶ VI(2). Zantiz's signature appears directly below and on the same page as the quoted statement. In addition, Local Rules 11.1 and 41.3.1 impose on all attorneys <u>and pro se litigants</u> a continuing obligation to provide the court with an accurate current address and other contact information, under penalty of dismissal for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. <u>Markwell v. County of Bexar</u>, 878 F.2d 899, 902 (5th Cir. 1989); <u>Price v. McGlathery</u>, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. <u>Birl v. Estelle</u>, 660 F.2d 592, 593 (5th Cir. 1981); <u>Edwards v. Harris County Sheriff's Office</u>, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden

of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

This court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case.  Plaintiff's failure to comply with the court's Local Rules and its March 18, April 9, and June 3, 2015 orders clearly reflects a failure on the part of plaintiff to prosecute.  This record of several failures to comply with the court's orders and rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal.  See Torns v. State of Miss. Dept. of Corrections, 262 Fed. Appx. 638, 639, 2008 WL 217771, *1 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 Fed. Appx. 402, 404-05, 2008 WL 2073880, *2 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6 (5th Cir. 1991) (upholding trial court's dismissal for failure to prosecute of the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

In addition, Fed. R. Civ. P. 37(b)(2)(A) provides for sanctions against a party who fails to obey a discovery order, such as the court's March 18 and April 9, 2015 orders seeking to implement the Fifth Circuit's mandate concerning a discovery issue. Those sanctions include orders "(iv) staying further proceedings until the order is obeyed; [or] (v) dismissing the action or proceeding in whole or in part; . . ."

In an effort to afford plaintiff one final opportunity to respond and/or to provide current contact information, I have issued this report and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the magistrate judge's Report and Recommendation within fourteen (14) days from the date of service of this report. Plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders, together with a current mailing or email address and telephone number. It is further suggested that plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that, if plaintiff fails to respond within fourteen (14) days, his complaint should be DISMISSED WITH PREJUDICE for failure to prosecute.

**IN THE ALTERNATIVE**, if the presiding district judge determines that dismissal is not the appropriate remedy in light of plaintiff's previous telephone call to the court – albeit 18 months ago without providing then-current contact information – the following lesser action is available:  An order staying all further proceedings in this case, with the Clerk directed to close it for all administrative and statistical purposes, to provide plaintiff with an opportunity once again to contact the court.  If the presiding district judge chooses this alternative, **IT IS FURTHER RECOMMENDED** that plaintiff's case be dismissed with prejudice for failure to prosecute <u>one</u> <u>year</u> <u>after</u> entry of the stay order, if plaintiff fails to provide contact information and the information necessary to move discovery forward within that one-year period.

Plaintiff is advised that failure to file written objections to the magistrate judge's report and recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this _____23rd_____ day of June, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.