UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORDAN DARRELL ZANTIZ | CIVIL ACTION |
| VERSUS | CASE NO. 12-1580 |
| RONNIE SEAL, ET AL | SECTION: "G"(2) |

## ORDER

On June 23, 2015, the Magistrate Judge issued a Report and Recommendation, recommending that the Court dismiss Plaintiff Jordan Darrell Zantiz's ("Plaintiff") complaint for failure to prosecute or, alternatively, stay the proceedings for one year and direct the Clerk of Court to close the case for all administrative and statistical purposes.[1] At the time of the filing of his complaint, Plaintiff was incarcerated in the B.B. Sixty Rayborn Correctional Center in Angie, Louisiana.[2] Plaintiff was released from prison on October 25, 2013.[3] Plaintiff participated in a scheduling conference with the Court on January 23, 2014, following his release from prison.[4] However, Plaintiff failed to provide a current address, telephone number or other contact information to the Court. Since that time, Plaintiff has not corresponded with the Court, and all mail sent to him by the Court has been returned as undeliverable.[5]

On March 16, 2015, the United States Fifth Circuit Court of Appeals issued a mandate

---

[1] Rec. Doc. 160 at 1.

[2] Rec. Doc. 1.

[3] Rec. Doc. 137 at 2.

[4] *See* Rec. Doc. 138 at 1.

[5] *See* Rec. Docs. 139, 140, 143, 148, 154, 156, 157, 159, 161, 162, 163.

1

following Defendants' interlocutory appeal.[6] On April 9, 2015, the Magistrate Judge attempted to conduct a status conference with the parties, but Plaintiff failed to appear.[7] Prison officials and defense counsel provided the Magistrate Judge with two separate forwarding addresses in Orlando, Florida.[8]

On April 9, 2015, the Magistrate Judge issued an order directing Plaintiff to: (1) file a motion to compel, in accordance with the Fifth Circuit's mandate, if he seeks to obtain discovery from the remaining defendants; (2) provide the Court with current and reliable contact information; and (3) appear before the Magistrate Judge in person on June 3, 2015, to show cause why his case should not be dismissed with prejudice for failure to prosecute.[9] The Clerk of Court mailed the April 9, 2015 order to Plaintiff's original address at the jail and to both of the addresses in Orlando, Florida, but the mail was returned to the Court as undeliverable.[10] Plaintiff failed to appear at the June 3, 2015 show cause hearing.[11]

The Magistrate Judge recommends that the Court dismiss Plaintiff's complaint for failure to prosecute.[12] The Magistrate Judge asserts that dismissal is appropriate because the record reflects "several failures to comply with the court's orders and rules establish[ing] a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused

---

[6] Rec. Doc. 152.

[7] Rec. Doc. 160 at 2.

[8] *Id.* at 2–3.

[9] *Id.* at 3.

[10] Rec. Docs. 156, 157.

[11] Rec. Doc. 158.

[12] Rec. Doc. 160 at 1.

by and is exclusively attributable to plaintiff himself."[13] Alternatively, if this Court finds that dismissal is not the appropriate remedy in light of Plaintiff's participation in the January 23, 2014 Scheduling Conference, the Magistrate Judge recommends that this Court stay all further proceedings in this case for one year, direct the Clerk of Court to close the case for all administrative and statistical purposes, and dismiss the case with prejudice for failure to prosecute if Plaintiff fails to provide contact information and the information necessary to move forward with discovery within one year.[14]

A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[15] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to." A District Court's review is limited to plain error of parts of the report which are not properly objected to.[16]

Here, Plaintiff has not filed any objections to the Magistrate Judge's Report and Recommendation. Reviewing for plain error, the Court finds that the Magistrate Judge's recommendation is not erroneous. Although the district court has the authority to dismiss a plaintiff's action because of his failure to prosecute,[17] the Fifth Circuit has cautioned that the use of this authority "must be tempered by a careful exercise of judicial discretion."[18] A court should only

---

[13] *Id.* at 6.

[14] *Id.* at 8.

[15] FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[16] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[17] *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

[18] *Durham v. Florida East Coast Ry.*, 385 F.2d 366 (5th Cir. 1967) (quoting *Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir. 1967)).

3

dismiss a case "in the face of a clear record of delay or contumacious conduct by the plaintiff."[19] Plaintiff has not communicated with the Court in any way since January 23, 2014. However, the Fifth Circuit mandate was issued on March 16, 2015, less than four months ago. Accordingly, the Court will adopt the Magistrate Judge's recommendation that the Court: (1) stay all further proceedings in this case for one year; (2) direct the Clerk of Court to close the case for all administrative and statistical purposes; and (3) dismiss the case with prejudice for failure to prosecute if Plaintiff fails to provide contact information and the information necessary to move forward with discovery within one year.

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's Report and Recommendation to the extent that it finds that the Court should stay all further proceedings and administratively close this case for one year, and dismiss the case with prejudice for failure to prosecute if Plaintiff fails to provide contact information and the information necessary to move forward with discovery within one year.

**IT IS FURTHER ORDERED** that the case is **STAYED AND ADMINISTRATIVELY CLOSED.** The Clerk of Court is directed to close this case for all administrative and statistical purposes. If Plaintiff fails to provide contact information and the information necessary to move forward with discovery within one year of this Order, his case will be dismissed with prejudice.

**NEW ORLEANS, LOUISIANA**, this  13th  day of July, 2015.

*[signature: Nannette Jolivette Brown]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[19] *Id.*