UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JORDAN DARRELL ZANTIZ                                              CIVIL ACTION

VERSUS                                                             NO. 12-1580

CAPT. RONNIE SEAL ET AL.                                           SECTION "G" (2)

## REPORT AND RECOMMENDATION

At the time of filing this complaint more than four years ago, plaintiff Jordan Darrell Zantiz was a convicted prisoner incarcerated in the Rayburn Correctional Center ("Rayburn") in Angie, Louisiana. He filed this lawsuit pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against various individually named correctional officers at Rayburn. He asserted claims of unconstitutionally excessive force, failure to protect him from that use of force, inadequate medical care for the alleged resulting injuries and racial discrimination. Zantiz sought $3 million in compensatory damages and injunctive relief. Record Doc. No. 1 (Complaint at ¶¶ IV and V.)

On July 13, 2015, the presiding district judge issued an order adopting my report and recommendation to "stay all further proceedings and administratively close this case <u>for one year, and dismiss the case with prejudice</u> for failure to prosecute <u>if Plaintiff fails to provide contact information</u> and the information necessary to move forward with discovery <u>within one year</u>." Record Doc. Nos. 160 and 164 (emphasis added). No response from plaintiff has been received during the more than one year since entry of the court's conditional stay order.

Zantiz's numerous prior failures to comply with the court's previous orders and its applicable rules, all as listed in my earlier report and recommendation, Record Doc. No. 160, prompted the court to issue its stay order providing him with an additional year to demonstrate some sort of willingness to prosecute his case. Zantiz has failed again to comply and to avail himself of the extended opportunity most recently provided to him by the court.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden

of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its orders, including its most recent stay order, to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply clearly reflects a failure on his own part to prosecute. This record of several failures to comply with the court's orders and rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal. See Torns v. State of Miss. Dept. of Corrections, 262 Fed. Appx. 638, 639, 2008 WL 217771, *1 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 Fed. Appx. 402, 404-05, 2008 WL 2073880, *2 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6 (5th Cir. 1991) (upholding trial court's dismissal for failure to prosecute of the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference). Accordingly, plaintiff's case should now be dismissed with prejudice for failure to prosecute. Fed. R. Civ. P. 41(b).

**RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to prosecute.

Plaintiff is advised that failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___8th___ day of August, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.